1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**

9                              **EASTERN DISTRICT OF CALIFORNIA**

10

11   LEONARD BRYCE THOMAS,                    )   Case No.: 1:12-cv-02079-JLT
                                              )
12              Petitioner,                   )   ORDER TO SHOW CAUSE WHY THE PETITION
                                              )   SHOULD NOT BE DISMISSED FOR VIOLATION
13        v.                                  )   OF THE ONE-YEAR STATUTE OF
                                              )   LIMITATIONS
14   V. SINGH,                                )
                                              )
15              Respondent.                   )   ORDER DIRECTING THAT RESPONSE BE
                                              )   FILED WITHIN THIRTY DAYS
16   _____ )

17

18        Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254.

20                              **PROCEDURAL HISTORY**

21        The instant petition was filed on November 25, 2012.[1]  A preliminary review of the petition,

22   however, reveals that the petition may be untimely and should therefore be dismissed.

23

24   _____

25   [1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed
     filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court
     clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
26   mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might
     be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit
27   has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.
     Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).
28   The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison

                                              1

1

**DISCUSSION**

2     A.  Preliminary Review of Petition.

3          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

4  if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

5  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The

6  Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas

7  corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after

8  an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

9          The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

10  habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate

11  notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this

12  Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in

13  Herbst.

14     B.   Limitation Period For Filing Petition For Writ Of Habeas Corpus

15          On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

16  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus

17  filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997);

18  Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

19  The instant petition was filed on November 25,  2012, and thus, it is subject to the provisions of the

20  AEDPA.

21          The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

22  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

23  reads:

24

25
_____

26  authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly,
   for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the

27  petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing
   date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.

28  Petitioner signed the instant petition on November 25, 2012.  (Doc. 1, p. 55).

2

1

2

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

3

4

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

5

6

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

7

8

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

9

10

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

11

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

12

13

28 U.S.C. § 2244(d).

14

In most cases, the limitation period begins running on the date that the petitioner's direct

15

review became final.  Here, the Petitioner was convicted of second degree murder on March 27, 1998,

16

in the Kern County Superior Court and sentenced to a prison term of fifteen years to life.  (Doc. 1, p.

17

1).

18

Petitioner filed a petition for review that was denied by the California Supreme Court on

19

September 12, 2001 in case no. S098875.   (Doc. 1, p. 59).  Thus, direct review would have concluded

20

on December 11, 2001, when the ninety day period for seeking review in the United States Supreme

21

Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th

22

Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would then have one year

23

from the following day, December 12, 2001, or until December 11, 2002, absent applicable tolling,

24

within which to file his federal petition for writ of habeas corpus.

25

As mentioned, the instant petition was filed on November 25, 2012, almost ten years after the

26

date the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or

27

equitable tolling, the instant petition is untimely and should be dismissed.

28

3

1          C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

2          Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

3    application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §

4    2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

5    governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

6    U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

7    petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay

8    in the intervals between a lower court decision and the filing of a petition in a higher court.

9    Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized

10   by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations

11   omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

12   536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

13   (9th Cir. 1999).

14         Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.

15   For example, no statutory tolling is allowed for the period of time between finality of an appeal and

16   the filing of an application for post-conviction or other collateral review in state court, because no

17   state court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007; Raspberry v.

18   Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the

19   period between finality of an appeal and the filing of a federal petition.  Id. at 1007.   In addition, the

20   limitation period is not tolled during the time that a federal habeas petition is pending.  Duncan v.

21   Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059,

22   1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to

23   statutory tolling where the limitation period has already run prior to filing a state habeas petition.

24   Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the

25   reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v.

26   White, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling

27   when the petitioner's later petition raises unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165,

28

1    1166 (9th Cir. 2006).

2         Here, it appears that Petitioner filed the following state habeas petitions: (1) petition filed in the

3    California Supreme Court on September 5, 2002, and denied on January 15, 2003, in case no.

4    S109606; (2) filed in the California Supreme Court on August 11, 2003, and denied on May 12, 2004,

5    in case no. S118106; and (3) filed in the California Supreme Court on April 20, 2012, and denied on

6    July 11, 2012, in case no. S201908.[2]

7         From the foregoing chronology, it is abundantly clear that, following the California Supreme

8    Court's denial of Petitioner's third state habeas petition on May 12, 2004, Petitioner did not again file

9    a state habeas petition entitled to statutory tolling under the AEDPA until he filed his fourth state

10   petition on April 20, 2012, almost eight years later.  Even without conducting a detailed analysis of the

11   potential tolling from the commencement of the one-year period on December 11, 2001, until the third

12   petition was denied on May 12, 2004, and even assuming, arguendo, that Petitioner was entitled to

13   statutory tolling during that entire period of time, a premise that is undoubtedly overly generous to

14   Petitioner, Petitioner would still have to have accrued either statutory or equitable tolling sufficient to

15   toll the ensuing eight years prior to the filing of his fourth petition on April 20, 2012.  If Petitioner is

16   unable to meet that onerous burden, the petition is untimely and must be dismissed.

17        D.  Equitable Tolling.

18        The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable

19   tolling in appropriate cases. See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon

20   v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to

21   equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to

22   file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal

23   _____

24   [2]These dates were determined by accessing the California state courts' electronic website, of which the Court takes judicial
     notice.  The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose
25   accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th
     Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial
26   notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v.
     Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins.
27   Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir.
     1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court
28   of Appeal and the California Supreme Court, are subject to judicial notice.

1    quotation marks and citations omitted).  "When  external forces, rather than a petitioner's lack of

2    diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations

3    may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant

4    seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing

5    his rights diligently, and (2) that some extraordinary circumstance stood in his way."   Holland, 130

6    S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold

7    necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule."

8    Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence,

9    "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at 1107.

10          Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the

11   record now before the Court, the Court sees no basis for such a claim.  Accordingly, the Court makes a

12   preliminary finding that Petitioner is not entitled to equitable tolling.

13          Although it appears at this juncture that the petition is untimely and that Petitioner cannot

14   possibly account for the eight years during which he failed to pursue his federal habeas remedies in a

15   timely manner, the Court will, nonetheless, as required by the Ninth Circuit, provide Petitioner with an

16   opportunity to respond to this Order to Show Cause prior to dismissing his petition as untimely.  If

17   Petitioner has additional evidence entitling him to statutory or equitable tolling, he should provide that

18   evidence in his response.   As always, however, the burden of demonstrating that the AEDPA's one-

19   year limitation period was sufficiently tolled, whether statutorily or equitable, rests with the petitioner.

20   See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th

21   Cir. 2005); Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063,

22   1065 (9th Cir. 2002).

23                                        **ORDER**

24        For the foregoing reasons, the Court HEREBY ORDERS:

25          1.  Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of

26              service of this Order why the Petition should not be dismissed for violation of the one-year

27              statute of limitations in 28 U.S.C. § 2244(d).

28

1    Petitioner is forewarned that his failure to comply with this order may result in a

2  Recommendation that the Petition be dismissed pursuant to Local Rule 110.

3

4  IT IS SO ORDERED.

5    Dated:   **January 4, 2013**                        **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28