1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   LEONARD BRYCE THOMAS,            )   Case No.: 1:12-cv-02079-JLT
                                      )
12                 Petitioner,        )   FINDINGS AND RECOMMENDATIONS TO
                                      )   DISMISS THE PETITION FOR WRIT OF
13          v.                        )   HABEAS CORPUS FOR VIOLATION OF THE
                                      )   ONE-YEAR STATUTE OF LIMITATIONS
14   V. SINGH,                        )
                                      )
15                 Respondent.        )   ORDER DIRECTING THAT OBJECTIONS BE
                                      )   FILED WITHIN TWENTY DAYS
16   _____)

17          Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.

19                               **PROCEDURAL HISTORY**

20          The instant petition was filed on November 25, 2012.[2]  After a preliminary review of the

21   petition revealed that the petition may be untimely and should therefore be dismissed, the Court, on

22   _____

23   [2] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed
     filed on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court

24   clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
     mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might

25   be adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit
     has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA.

26   Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).
     The date the petition is signed may be considered the earliest possible date an inmate could submit his petition to prison

27   authorities for filing under the mailbox rule.  Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly,
     for all of Petitioner's state petitions and for the instant federal petition, the Court will consider the date of signing of the

28   petition (or the date of signing of the proof of service if no signature appears on the petition) as the earliest possible filing
     date and the operative date of filing under the mailbox rule for calculating the running of the statute of limitation.
     Petitioner signed the instant petition on November 25, 2012.  (Doc. 1, p. 55).

                                            1

January 4, 2013, issued an Order to Show Cause why the petition should not be dismissed as untimely. (Doc. 6).  The Order to Show Cause gave Petitioner thirty days within which to respond.  (Id.).  On February 21, 2013, Petitioner filed his initial response, in which he contended that he was entitled to equitable tolling due to his decreasing mental condition.  (Doc. 11).  On May 20, 2013, Petitioner submitted a second response to the Show Cause order, duplicating many of the arguments and evidence he had included in the February 21, 2013 response, but also including additional evidence. In reviewing the record, the Court will consider both responses.

## DISCUSSION

A.  Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss a habeas petition *sua sponte* on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this Order to Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in Herbst.

B.  Limitation Period For Filing Petition For Writ Of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on November 25, 2012, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct

review became final.  Here, the Petitioner was convicted of second degree murder on March 27, 1998,

in the Kern County Superior Court and sentenced to a prison term of fifteen years to life.  (Doc. 1, p.

1).

Petitioner filed a petition for review that was denied by the California Supreme Court on

September 12, 2001 in case no. S098875.   (Doc. 1, p. 59).  Thus, direct review would have concluded

on December 11, 2001, when the ninety day period for seeking review in the United States Supreme

Court expired.  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th

Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would then have one year

from the following day, December 12, 2001, or until December 11, 2002, absent applicable tolling,

within which to file his federal petition for writ of habeas corpus.

As mentioned, the instant petition was filed on November 25, 2012, almost ten years after the

date the one-year period would have expired.  Thus, unless Petitioner is entitled to either statutory or

equitable tolling, the instant petition is untimely and should be dismissed.

  C. <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

   Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations.  <u>Artuz v. Bennett</u>, 531 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable delay in the intervals between a lower court decision and the filing of a petition in a higher court.  <u>Delhomme v. Ramirez</u>, 340 F. 3d 817, 819 (9th Cir. 2003), <u>abrogated on other grounds as recognized by</u> <u>Waldrip v. Hall</u>, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); <u>see</u> <u>Evans v. Chavis</u>,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); <u>see</u> <u>Carey v. Saffold</u>, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); <u>see</u> <u>also</u>, <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

   Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.  For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  <u>Nino</u>, 183 F.3d at 1006-1007; <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  <u>Id.</u> at 1007.  In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  <u>Duncan v. Walker</u>, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); <u>see</u> <u>also</u>, <u>Fail v. Hubbard</u>, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition.  <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); <u>Jiminez v. White</u>, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  <u>See</u> <u>Gaston v. Palmer</u>, 447 F.3d 1165,

1  1166 (9th Cir. 2006).

2          Here, it appears that Petitioner filed the following state habeas petitions: (1) petition filed in the

3  California Supreme Court on September 5, 2002 and denied on January 15, 2003, in case no. S109606;

4  (2) petition filed in the California Supreme Court on August 11, 2003, and denied on May 12, 2004, in

5  case no. S118106; and (3) petition filed in the California Supreme Court on April 20, 2012, and denied

6  on July 11, 2012, in case no. S201908. [2]

7          As mentioned, the one-year period commenced on December 12, 2001, and continued to run

8  unabated until Petitioner filed his first state habeas on September 5, 2002, a period of 267 days,

9  leaving only 98 days remaining in the one-year period.  Assuming, arguendo, that Petitioner's first

10 state petition was "properly filed" within the meaning of the AEDPA such as to entitle Petitioner to

11 statutory tolling during its pendency, the one-year period would have tolled between the filing of the

12 first petition on September 5, 2002 and its denial on January 15, 2003.  At that point, the one year

13 period would have resumed on January 16, 2003, and would have continued to run until it expired 98

14 days later, i.e., on April 24, 2003.  Petitioner did not file his other two state petitions until after that

15 date, and, thus, he is not entitled to statutory tolling for those petitions.  A petitioner is not entitled to

16 tolling where the limitations period has already run prior to filing a state habeas petition.  Green v.

17 White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see

18 Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820

19 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended

20 before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner

21 fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations

22

23

24  _____

25  [2]These dates were determined by accessing the California state courts' electronic website, of which the Court takes judicial
    notice.  The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose
26  accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th
    Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial
27  notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v.
    Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins.
28  Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir.
    1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court
    of Appeal and the California Supreme Court, are subject to judicial notice.

period).[3]

Accordingly, the one-year period would have expired on April 24, 2003, over eight years before Petitioner filed the instant petition.  Thus, unless Petitioner is entitled to equitable tolling, the petition is untimely.

D.  Equitable Tolling.

The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases.  See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561 (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland, 130 S.Ct. at 2652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at 1107.

In his two responses to the Order to Show Cause, Petitioner contends that he has suffered serious mental problems that entitle him to equitable tolling.  After carefully reviewing the documents submitted by Petitioner, the Court does not agree.

---

[3] Nor is Petitioner entitled to statutory tolling for the period between the denial of the first petition and the filing of the second petition, since both petitions were filed in the state supreme court and, hence, constitute separate "rounds" of habeas petitions.  Under the AEDPA, there is no statutory tolling for the period between sets or "rounds" of state habeas petitions.  Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme Court denied review); see also Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002)(no tolling during gap between first set of state petitions and second).  In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a petitioner begins a separate round of review "each time [he] files a new habeas petition *at the same or a lower level*" of the state court system.  See also Nino, 183 F.3d at 1006-1007 (intervals tolled between state court's disposition of a state habeas petition and the filing of "a petition at the next state appellate level.")(emphasis supplied).  Since the second petition was filed at the same level as the first, it constituted a new "round" of state habeas petitions, precluding interval tolling.

In his two responses, Petitioner had appended approximately sixty-five pages of medical records in addition to his legal arguments, which are almost entirely devoted to the merits of his claims, not to the issue of timeliness or equitable tolling.  Before considering the content of those documents, it is important to recall that the one-year period commenced on December 12, 2001 and ran until September 5, 2002, and then started again on January 16, 2003, and continued until April 24, 2003.  Since equitable tolling is only justified when extraordinary circumstances beyond the control of the petitioner prevent him from filing his petition in a timely manner, the only time periods with which the Court is now concerned are those mentioned above, since it is only extraordinary circumstances during those two periods of time that could possibly have affected Petitioner's ability to timely file his petition.  Once the one-year period expired on April 24, 2003, the petition would be untimely and any "extraordinary circumstances" that occurred *after* April 24, 2003, would not, by definition, have had any impact on whether Petitioner could timely file his petition.

The legal prerequisites for establishing an entitlement to equitable tolling based on a mental disability are quite clear in this Circuit.  A petitioner's claim of mental illness alone is insufficient to equitably toll the limitations period.  Although some courts have recognized mental illness as a basis for equitable tolling of a federal statute of limitations, they have done so only where the mental "illness in fact prevent[ed] the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." <u>Miller v. Runyon</u>, 77 F.3d 189, 191 (7th Cir.1996); <u>see</u>, <u>also</u>, <u>Nunnally v. MacCausland</u>, 996 F.2d 1, 6 (1st Cir.1993); <u>United States v. Page</u>, 1999 WL 1044829, at *1-2 (N.D.Ill. Nov. 16, 1999); <u>Decrosta v. Runyon</u>, 1993 WL 117583, at *2-3 (N.D.N.Y. Apr. 14, 1993); <u>Speiser v. United States Dept. of Health & Human Services</u>, 670 F.Supp. 380, 384 (D.D.C.1986); <u>cf</u>. <u>Accardi v. United States</u>, 435 F.2d 1239, 1241 n. 2 (3rd Cir.1970) ("Insanity does not prevent a federal statute of limitations from running."); <u>Boos v. Runyon</u>, 201 F.3d 178,  184 (2nd Cir.2000) ("The question of whether a person is sufficiently mentally disabled to justify tolling of a limitation period is ... highly case-specific.").

The Ninth Circuit has followed this rule in <u>Bills v. Clark</u>, 628 F.3d 1092, 1100 (9th Cir. 2010), holding that a petitioner has the burden of showing that his "mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access

to assistance."  In <u>Bills</u>, the Ninth Circuit established the following two-part test to determine whether

equitable tolling should be permitted based on mental impairment:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating that the impairment was so severe that either
>
> (a) Petitioner was unable rationally or factually to personally understand the need to timely file, or
>
> (b) Petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuation its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

<u>Bills</u>, 628 F.3d at 1099-1100.  <u>Bills</u> notes that, "to evaluate whether a petitioner is entitled to equitable

tolling, the district court must determine whether the petitioner's mental impairment made it

impossible to timely file on his own."  <u>Id</u>. at 1100-1101.  However, "[w]ith respect to the necessary

diligence, the petitioner must diligently seek assistance and exploit whatever assistance is reasonably

available."  <u>Id</u>. at 1101.  <u>Bills</u> summarizes the relevant question as "Did the mental impairment cause

an untimely filing?"  <u>Id</u>. at 1100 n. 3.

     With those factors in mind, the Court now turns to the documents provided by Petitioner in

support of his contention that his deteriorating mental condition precluded him from filing his petition

within the one-year period.

     All of Petitioner's mental health records date from, at earliest, September 14, 2004, i.e., after

the one-year period had already expired.  (Doc. 11, p. 40).  Thus, they are, practically speaking, of no

relevance to this inquiry.  Indeed, with the one exception of a report from September 14, 2004, all

other medical documents date from 2008, a time period long after the limitation period had expired.

The most informative document is a psychological evaluation by Dr. R. Siemsen, dated September 17,

2009, based upon multiple meetings with Petitioner during August and September 2009.  (Doc. 13, p.

56 et seq.).  Siemsen notes that Petitioner suffered some medical disabilities in 2006 and that he has

reported memory loss, which Siemsen believed, might have resulted from an accident in which

Petitioner fell and struck his head on February 25, 2005.  (<u>Id</u>., p. 63).  Despite the sporadic memory

loss, Siemsen diagnosed Petitioner as suffering only from a Generalized Anxiety Disorder that

1    produced "great inner tension," but that he did not appear to be suffering from depression and that,

2    during the meetings, Petitioner was on time, cooperative, "consistently alert and oriented in all

3    spheres," neatly groomed and dressed, and that his "gait, posture, and speech were all within normal

4    limits." (Doc. 13, p. 60).

5          In other words, the record Petitioner has presented provides no medical basis whatsoever for

6    concluding that, during the target periods when the one-year limitation period was running, i.e.,

7    December 12, 2001 through September 5, 2002, and January 16, 2003 through April 24, 2003, he was

8    suffering any sort of mental impairment that constituted an "extraordinary circumstance" beyond his

9    control, or that he was "unable rationally or factually to personally understand the need to timely file,

10   or that his mental state "rendered him unable personally to prepare a habeas petition and effectuate its

11   filing." Bills, 628 F.3d at 1099-1100. Under the totality of the circumstances, the Court cannot

12   conclude that Petitioner showed diligence in pursuing his claims to the extent he could understand

13   them or that his mental impairment made it impossible for him to meet the filing deadlines. Id. Thus,

14   the Court finds no basis on which to justify equitable tolling as a result of Petitioner's purported

15   mental disability.

16         As always, however, the burden of demonstrating that AEDPA's one-year limitation period

17   was sufficiently tolled, whether statutorily or equitable, rests with the petitioner. See, e.g., Pace v.

18   DiGuglielmo, 544 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith

19   v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

20   Because Petitioner has failed to meet his burden, the Court can only conclude that the petition is

21   untimely under the AEDPA and must therefore be dismissed.

22                                        **RECOMMENDATION**

23         Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be

24   DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

25         This Findings and Recommendation is submitted to the United States District Court Judge

26   assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the

27   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

28   twenty (20) days after being served with a copy, any party may file written objections with the court

and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **May 24, 2013**              **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE